**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

No. 24-1764

───────────────

ANDREW J. MOORE,

        Plaintiff - Appellant,

    v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant - Appellee.

───────────────

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Graham C. Mullen, Senior District Judge.  (1:23-cv-00286-GCM)

───────────────

Submitted:  February 5, 2026                        Decided:  June 9, 2026

───────────────

Before WILKINSON, BENJAMIN, and BERNER, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF:**  Carol Goins, Asheville, North Carolina, for Appellant.  Brian C. O'Donnell, Associate General Counsel, David E. Somers, III, Dena J. King, United States Attorney, Andrew R. De Holl, Special Assistant United States Attorney, Office of the General Counsel, SOCIAL SECURITY ADMINISTRATION, Baltimore, Maryland, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andrew J. Moore appeals the district court's order upholding the Administrative Law Judge's (ALJ) denial of Moore's applications for supplemental security income. "In social security proceedings, a court of appeals applies the same standard of review as does the district court. That is, a reviewing court must uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) (citation modified). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (citation modified). "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (citation modified).

We have reviewed the record and perceive no reversible error. The ALJ applied the correct legal standards in evaluating Moore's claim for benefits, and the ALJ's factual findings are supported by substantial evidence. In addition, the ALJ's factual findings are supported by substantial evidence.

In determining Moore's residual functional capacity (RFC), the ALJ found that Moore's carpal tunnel was not a severe impairment and was expected to improve with treatment based on Moore's own testimony that: (1) he developed the condition from

2

playing video games; and (2) he would immediately cease that activity. Moreover, the record reflects that the ALJ considered evidence about Moore's need for individualized education services in high school when determining his RFC. This consideration is reflected in the ALJ's ultimate finding: that Moore could perform unskilled jobs that did not require a high school education. Finally, the record does not support Moore's claim that the ALJ incorrectly interpreted the testimony of the vocational expert. Rather, the vocational expert suggested specific occupations in the national economy based on Moore's age, education, work experience, and RFC. The ALJ, in turn, concluded that Moore was capable of working jobs in the national economy.

Substantial evidence also supports the ALJ's decision to discredit certain medical evidence. When explaining its decision to discredit Dr. Reavis's medical opinion, the ALJ noted that the opinion, which was based heavily on self-reports, was inconsistent with both Dr. Reavis's own clinical observations and other medical evidence in the record.

Having considered Moore's remaining arguments, we find none warrant a different conclusion. The ALJ's decision, including its factual findings, is supported by substantial evidence. Accordingly, we affirm the district court's judgment upholding the denial of benefits. *Moore v. Comm'r of Soc. Sec.*, No. 1:23-cv-00286-GCM (W.D.N.C. June 12, 2024). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*